UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AXIANT, LLC, ) | Case No. 09-14118 (MFW) |
| ) | |
| Debtor. ) | Obj. Deadline: 12/7/09 by 4:00 p.m. |
| ) | Hearing Date: 12/14/09 at 4:00 p.m. |

Related to Docket No. 17

**LIMITED OBJECTION OF ONE IRVINGTON CENTRE ASSOCIATES, LLC
TO THE MOTION OF THE DEBTOR FOR ENTRY OF ORDERS,
PURSUANT TO 11 U.S.C. §§ 105(a), 363, 365, 503, AND 507 AND FEDERAL
BANKRUPTCY RULES 2002, 6004, 6006, 9014: (A)(I) APPROVING
BIDDING PROCEDURES FOR SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS; (II) SCHEDULING A HEARING TO
CONSIDER THE SALE AND APPROVING THE FORM AND MANNER
OF NOTICES (III) ESTABLISHING PROCEDURES FOR ASSUMPTION
AND NOTICE OF PROPOSED CURE AMOUNTS; (IV) AUTHORIZING
PAYMENT OF BREAK-UP FEE AND EXPENSE REIMBURSEMENT FEE;
AND (V) GRANTING RELATED RELIEF**

One Irvington Centre Associates, LLC ("Landlord"), a creditor of the Debtor and landlord of the Debtor whose lease is subject to possible assumption and assignment by the Debtor, hereby asserts the following objections to the Motion of the Debtor For Entry of Orders, Pursuant to 11 U.S.C. §§ 105(a), 363, 365, 503, and 507 and Federal Bankruptcy Rules 2002, 6004, 6006 and 9014: (A)(I) Approving Bidding Procedures For Sale Of Substantially All Of The Debtor's Assets; (II) Scheduling A Hearing To Consider The Sale And Approving The Form And Manner Of Notices (III) Establishing Procedures For Assumption And Notice Of Proposed Cure Amounts; (IV) Authorizing Payment Of Break-Up Fee And Expense Reimbursement Fee; And (V) Granting Related Relief ("Motion").

Landlord's objections fall into two categories: (i) objections to the adequacy of the notice provided to third parties to executory contracts and unexpired leases that are subject to

assumption and assignment; and (ii) objections to the proposed structure of the sale of the Debtor's assets, under which a large portion of the consideration paid would consist of an assumption of certain unsecured debts of the Debtor, such as the Debtor's obligations to Mann Bracken LLP, which would in turn result in a disproportionately high pay-out to such preferred creditors to the detriment of general unsecured creditors.

## OBJECTIONS TO ADEQUACY OF NOTICE TO THIRD PARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT ARE SUBJECT TO ASSUMPTION AND ASSIGNMENT

1. Under the procedure proposed in Debtor's Motion (at pages 15-16, ¶¶ 23-24), Debtor would be required to serve a Cure Amount Notice, along with a statement of the cure amount Debtor believes must be paid to cure all defaults under all Assigned Contracts, to each counterparty to an Assigned Contract by first class mail within two days after the entry of a Bidding Procedures Order, and the counterparties would have until January 17, 2010, to file objections to the proposed cure amount. Assuming that a Bidding Procedures order is entered on December 14, 2009, and that a Cure Amount Notice and statement of proposed cure amount is sent to each and every counterparty to every executory contract the Debtor is a party to, this would provide adequate notice to the counterparties with respect to cure amounts. However, neither the Motion nor the proposed Bidding Procedures Order define the term "Assigned Contracts," and it is unclear whether Cure Amount Notices and accompanying statements of cure amounts will be sent for each and every executory contract of the Debtor, or rather, just for those executory contracts that the Stalking Horse Bidder intends to assume. This problem is exacerbated by the fact that the Term Sheet attached to the Motion allows the Stalking Horse Bidder to wait until the date of the Sale Hearing (proposed as January 27, 2010) to decide which executory contracts it wishes to assume, and by the fact that another bidder who prevails at an

2

auction may decide to take an assignment of different executory contracts. *This problem can be resolved if the proposed Bidding Procedures Order is modified so as to clarify that a Cure Amount Notice and accompanying statement of proposed cure amount must be sent to the counterparty to each and every executory contract to which the Debtor is a party, regardless of whether the Stalking Horse Bidder has expressed an interest in assuming each such executory contract.* Absent such a modification, the proposed Bidding Procedures Order does not provide adequate notice of proposed cure amounts to counterparties to executory contracts.

2. The proposed Bidding Procedures Order is also objectionable because it is inconsistent with the Motion, and provides for Cure Amount Notices to be sent within *five* days of the entry of the Bidding Procedures Order, instead of within two days, as requested in the Motion. *See* proposed Bidding Procedures Order at ¶22. *The Bidding Procedures Order entered by the Court should, consistent with the relief requested in the Motion, provide that Cure Amount Notices and accompanying statements of proposed cure amounts must be sent to all counterparties to executory contracts within two days of the entry of the Bidding Procedures Order.*

3. Under the procedure proposed by the Motion (pages 18-19, ¶ 30), if there is a successful bidder at the auction on January 25, 2010 other than the Stalking Horse Bidder, and the successful bidder wishes to take an assignment of any executory contract, the Debtor will provide financial information for the alternative bidder to all non-debtor parties to such Assigned Contracts "immediately following the Auction via facsimile or Federal Express," and the non-debtor parties shall then have until 4 p.m. the next day, on January 26, 2010 to raise any objections under 11 U.S.C. §365(b)(1)(C). This is not an adequate period of time for Landlord or other counterparties to Assigned Contracts to formulate or assert any objections under 11

U.S.C. §365(b)(1)(C). *To resolve the lack of adequate notice, the Court should require that the Debtor provide the necessary financial information for each Qualified Bidder to every counterparty to every executory contract of the Debtor so that it is received by the counterparties no later than the close of business on January 24, 2010 (the day before the auction), and the Court should further require that immediately following the auction on January 25, 2010, the Debtor shall provide facsimile notice of the proposed assumption and assignment to all counterparties (and their counsel) whose executory contracts are to be assumed and assigned to the successful bidder.*

4. Paragraph 18 of the proposed Bidding Procedures Order provides that if the Successful Bidder fails to consummate an approved sale within 10 days after entry of an Order approving the sale, the Debtor shall be authorized to deem the Back-up Bid as the Successful Bid and to close on a sale to the back-up bidder without further notice or court order. This provision deprives counterparties to executory contracts of notice and an opportunity to object to assumption and assignment of their executory contracts to such a back-up bidder. *This lack of notice can be cured if the Court instead orders that counterparties to executory contracts to be assigned to such a back-up bidder must be provided with at least two business days notice of such proposed assumption and assignment and an opportunity to object under 11 U.S.C. §365(b)(1)(C).*

5. Paragraph 25 of the proposed Bidding Procedures Order would allow the Debtor to unilaterally determine the date of any hearing on an objection to a cure amount or an objection to the adequate assurance of future performance. This is not fair to counterparties to executory contracts that are the subject of such objections as such counterparties will not have adequate notice and an opportunity to prepare for such a hearing. If such a hearing is to be held at a time

other than the time of the sale hearing, then the Court should ensure that counterparties participate in the process of selecting the hearing date.

### OBJECTIONS TO PREFERENTIAL TREATMENT OF CERTAIN UNSECURED CREDITORS

6. Landlord objects to the structure of the proposed sale, as described in the Term Sheet, on the grounds that it provides impermissible preferential treatment to certain unsecured creditors to the detriment of the general unsecured creditors.[1] Under the Term Sheet that is to form the basis of the Stalking Horse Bid, the purchase price consists of $2,000,000 cash, subject to downward adjustment, plus an assumption of certain liabilities of the Debtor, including but not limited to amounts owed by the Debtor to Mann Bracken LLP, a law firm that, on information and belief, may be an insider of the Debtor. According to the List of Creditors Holding 20 Largest Unsecured Claims filed by the Debtor, Mann Bracken, LP is the largest unsecured creditor of the Debtor, and is owed $10,561,063. If the sale is structured and consummated as contemplated by the Term Sheet, the $2,000,000 cash purchase price will be used solely for the payment of administrative claims and secured debts, no money available to pay the general unsecured claims, while Mann Bracken, LP, an unsecured creditor owed more than $10,000,000, may be paid in full by the purchaser. Such an arrangement is impermissible under the Bankruptcy Code as it favors one or more unsecured creditors (quite possibly including insiders of the Debtor) to the detriment of others. By contrast, if the actual purchase price, including the $10,561,063 of assumed liability to Mann Bracken, LLP, were made available to the Debtor's

---

[1] Landlord recognizes that this objection may be appropriately filed as an objection to sale at a later date, and reserves the right to further object to the proposed sale on this ground. However, since the proposed Bidding Procedures Order contemplate a sale structure that is violative of the Bankruptcy Code, Landlord wishes to raise a preliminary objection to the structure at this time.

estate to satisfy all creditors on a pro rata basis, there would be a significant payout to the general unsecured creditors.

WHEREFORE, for all of the foregoing reasons, Landlord respectfully requests that the Court enter an order that denies the Motion in its current form, and that grants such other and further relief as is just and proper.

Dated: December 4, 2009
Wilmington, Delaware

CONNOLLY BOVE LODGE & HUTZ LLP

_____
Karen C. Bifferato (#3279)
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 888-6221

- and -

Stephen A. Bogorad
HOLLAND & KNIGHT LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, DC 20006
Telephone: (202) 955-3000

*Attorneys for One Irvington Centre Associates, LLC*

#738502