# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| AXIANT, LLC, | Case No. 09-14118 (MFW) |
| Debtor.[1] | |

## NOTICE OF COMMENCEMENT OF CHAPTER 11 BANKRUPTCY CASE, MEETING OF CREDITORS AND FIXING OF CERTAIN DATES

On **November 20, 2009**, the debtor and debtor in possession in the above-captioned case (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). The Debtor and its respective address, case number and the last four (4) digits of its federal tax identification number are as follows:

| DEBTOR | ADDRESS | OTHER NAMES (Other names used by the Debtor in the last 8 years) | CASE NO. | FEDERAL TAX ID NUMBER |
|---|---|---|---|---|
| Axiant, LLC | 9930 Kincey Avenue 3rd Floor Huntersville, NC 28078 | MB Solutions LLC | 09-14118 | xx-xxx4333 |

**DATE, TIME AND LOCATION OF MEETING OF CREDITORS.** JANUARY 28, 2010 AT 1:30 P.M. (ET), J. CALEB BOGGS FEDERAL BUILDING, 844 NORTH KING STREET, 2ND FLOOR, ROOM 2112, WILMINGTON, DELAWARE 19801.

**MEETING OF CREDITORS.** The Debtor's representative, as specified in Rule 9001(5) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, creditors may examine the Debtor and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time-to-time by notice at the meeting, without further written notice to the creditors.

**COMMENCEMENT OF CASE.** A petition under chapter 11 of the Bankruptcy Code has been filed in the United States Bankruptcy Court for the District of Delaware (the "**Court**") by the Debtor listed above, and orders for relief have been entered. You will not receive notice of all documents filed in this case. All documents filed with the Court, including lists of the Debtor's property and debts, are or will be available for inspection at the Office of the Clerk of the Court (the "**Clerk's Office**"). In addition, such documents may be available at www.deb.uscourts.gov or http://chapter11.epiqsystems.com/Axiant.

**DEADLINE TO FILE A PROOF OF CLAIM.** Notice of this deadline will be sent by and through a separate notice.

**NAME, ADDRESS AND TELEPHONE NUMBER OF TRUSTEE.** None appointed to date.

---

[1] The last four digits of the federal tax identification number of the Debtor in this case are 4333, and the mailing address is 9930 Kincey Avenue, 3rd Floor, Huntersville, North Carolina 28078, attn: Kevin Keleghan, President and CEO.

**PROPOSED COUNSEL FOR THE DEBTOR.**

LATHAM & WATKINS LLP
David S. Heller, Esq.
Josef S. Athanas, Esq.
Stephen R. Tetro II, Esq.
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Michael R. Nestor, Esq.
Joseph M. Barry, Esq.
Kara Hammond Coyle, Esq.
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

**RESTRUCTURING INFORMATION LINE.** (866) 212-0222.

**PURPOSE OF CHAPTER 11 FILING.** Chapter 11 of the Bankruptcy Code enables a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless approved by the Court at a confirmation hearing. Creditors will be given notice concerning any plan, or in the event the case is dismissed or converted to another chapter of the Bankruptcy Code. The Debtor will remain in possession of its property and will continue to operate its business unless a trustee is appointed.

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS.** A creditor is anyone to whom a debtor owes money or property. Under the Bankruptcy Code, a debtor is granted certain protections against creditors. Common examples of prohibited actions by creditors are contacting a debtor to demand repayment, taking action against a debtor to collect money owed to creditors or to take property of a debtor, and starting or continuing foreclosure actions or repossessions. If unauthorized actions are taken by a creditor against the Debtor, the Court may penalize that creditor. A creditor who is considering taking action against the Debtor or the Debtor's property should review section 362 of the Bankruptcy Code and may wish to seek legal advice. **The staff of the Clerk's Office is not permitted to give legal advice.**

**CLAIMS.** Schedules of creditors will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim, which is not listed as disputed, contingent, or unliquidated as to amount, may, but is not required to, file a proof of claim in this case. Creditors whose claims are not scheduled or whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in this case or share in any distribution must file their proofs of claim. A creditor who desires to rely on the schedules of creditors has the responsibility for determining that its claim is listed accurately. **Separate notice of the deadlines to file proofs of claim and proofs of claim forms will be provided to the Debtor's known creditors.** Proofs of claim forms are also available in the clerk's office of any bankruptcy court, from the Court's web site at www.deb.uscourts.gov and from the website of Epiq Bankruptcy Solutions, LLC, the Debtor's noticing and claims agent, at http://chapter11.epiqsystems.com/Axiant.

**DISCHARGE OF DEBTS.** Confirmation of a chapter 11 case may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that you may never try to collect the debt from the Debtor, except as provided in the plan.

For the Court: _____/s/ David D. Bird_____
Clerk of the U.S. Bankruptcy Court

Dated: December 7, 2009