# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AXIANT, LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 09-14118 (MFW)<br><br>Re: Docket No. 110 |

### RESPONSE OF RESURGENT CAPITAL SERVICES LP, TO DEBTOR'S MOTION FOR AN ORDER (I) CONVERTING CASE TO CHAPTER 7 OF THE BANKRUPTCY CODE AND (II) SETTING BAR DATE FOR FILING CHAPTER 11 FEE APPLICATIONS AND ESTABLISHING A HEARING DATE THEREON

Resurgent Capital Services LP., ("Resurgent"), by and through its undersigned counsel, submits this Response to Debtor's Motion for an Order (I) Converting Case to Chapter 7 of the Bankruptcy Code and (II) Setting Bar Date for Filing Chapter 11 Fee Applications and Establishing a Hearing Date Thereon (the "Response"). In support of the Response, Resurgent states as follows:

### FACTUAL BACKGROUND

1.  On or about March 12, 2008, Resurgent and Axiant LLC (the "Debtor") entered into a certain Network Services Agreement, dated February 20, 2008 (the "Agreement"). The Agreement is attached hereto as "Exhibit A." Pursuant to the Agreement, Resurgent referred certain consumer accounts receivable that were in default (collectively, "Accounts") and related electronic and hard copy (paper) documentation, files and information (collectively, "Files") to the Debtor for the purpose of debt collection and related services. Specifically, pursuant to the Agreement, the Debtor provides support services and collection attorney network services, including the forwarding of the Accounts and Files to network collection law firms.

2.  Resurgent did not transfer any rights in the Accounts and/or Files to the Debtor pursuant to the Agreement or otherwise. In the Agreement, the Debtor recognized that it was not

obtaining any rights to the Accounts and/or Files and the Debtor expressly acknowledged and agreed that the Debtor's role was merely as an independent contractor/"servicer" to Resurgent and that its function was to manage collections efforts in connection with the Accounts on behalf of Resurgent. The Agreement states that "Axiant understands, acknowledges and agrees that neither Resurgent nor Resurgent's Client(s) are selling any Referred Accounts, or any underlying debt on the Referred Accounts, to Axiant by virtue of this Agreement." See Agreement at § 13.01.

3. On November 20, 2009 (the "Petition Date") the Debtor filed a bankruptcy petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. As of the Petition Date, Debtor was handling approximately 23,000 Accounts for the purposes of collection and related services.

5. On December 17, 2009, during a hearing before the Court, the Debtor informed the Court of (i) the failure of its intended sale of the Debtor's assets and (ii) the imminent filing of a motion to convert the case to a chapter 7 liquidation. The Debtor further represented to the Court that it is in the process of transferring files back to its clients.

6. Between December 17, 2009 and the date hereof, Resurgent had numerous communications with the Debtor in an effort to reconcile any obligations that might be due pursuant to the Agreement, and to obtain the immediate return from the Debtor of all Accounts and Files.

7. Nevertheless, Resurgent has yet to receive a full return of its Accounts and Files. Further compounding Resurgent's difficulties related to this matter, the Debtor has not contacted

Resurgent to propose a plan to effectuate the prompt return of all Accounts and Files or to safeguard the same until such time as all Accounts and Files are returned to Resurgent.

8. On December 18, 2009, the Debtor filed two motions: (1) a Motion for an Order (I) Converting Case to Chapter 7 of the Bankruptcy Code and (II) Setting Bar Date for Filing Final Chapter 11 Fee Applications and Establishing a Hearing Date Thereon (the "Conversion Motion") [D.I. 110]; and (2) a Motion for an Entry of Order Authorizing the Debtor to (I) Reject Certain Unexpired Leases of Nonresidential Real Property, (II) Reject Certain Unexpired Executory Contracts and (III) Abandon Certain Expendable Property (the "Rejection Motion") [D.I. 112], whereby the Debtor seeks an order authorizing it to reject certain unexpired executory contracts, including the Agreement.

9. Both the Conversion Motion and Rejection Motion seek orders that will, upon entry, have the immediate effect of divesting the Debtor of all obligations to its customers, as well as the control over its assets and those assets of its customers which it holds in trust -- including Resurgent's Accounts and Files.

10. Neither the Conversion Motion nor the Rejection Motion address in any way the preservation and maintenance of the Accounts and/or Files or the timing and procedures for the prompt and complete return of the Accounts and Files to Resurgent.

11. Moreover, the Debtor's proposed order for conversion of the case to a chapter 7 liquidation fails to address (a) the timing of the appointment of a chapter 7 trustee (b) the maintenance and security of the Debtor's premises and customer property located therein, pending appointment of the Trustee, and (c) the maintenance and delivery to Resurgent of Resurgent's Accounts and Files in the interim pending the appointment of the trustee.

## RESPONSE

12. Resurgent is concerned about the Debtor's ability to maintain, preserve, and effectuate the prompt return of its Accounts and Files. The Accounts and Files contain valuable information, and Resurgent has a substantial interest in maintaining the integrity of the Accounts and Files and its ability to pursue and collect all amounts due thereunder. Prompt return of the Accounts and Files is of the utmost importance.

13. Although the Debtor has orally assured Resurgent that the Accounts and Files will be maintained and protected pending and after rejection of the Agreement, Resurgent understands that the Debtor has terminated much of its staff, including staff members who would assist in maintaining and returning the Accounts and Files. No Accounts or Files have been fully returned to date and Resurgent has no assurance as to when and how this is to occur in the future nor how the Accounts and Files will be safeguarded in the interim.

14. To ensure the integrity and prompt and efficient return of the Accounts and Files, Resurgent respectfully requests that the Court modify the proposed Order authorizing the relief requested by the Rejection Motion by adding the following paragraph:

> Resurgent Capital Services LP ("Resurgent") is permitted to recover all of its accounts and all related electronic and hard copy (paper) documentation, files and information (collectively, the "Accounts and Files") from the Debtor promptly and at a reasonable time and manner to be mutually agreed upon by the parties. In so doing, the Debtor, its management, and any Trustee appointed in this case shall:
>
> a) maintain and preserve the integrity of the Accounts and Files until such time as they are returned to Resurgent;
>
> b) maintain and preserve all computers, discs, software, hard drives and other electronic media necessary for the imaging of and access to all electronically maintained files and data for the Accounts and Files;

US_ACTIVE-102888765.2

c) cooperate fully with Resurgent in the prompt transfer of all Accounts and Files from the Debtor to Resurgent, including but not limited to copies of all judgments, pleadings and other documents for each of the accounts the Debtor has been handling for Resurgent;

d) promptly work with Resurgent to establish a specific protocol for returning the Accounts and Files, including the time, place, and method of return;

e) maintain and preserve all payments delivered to the Debtor in connection with any of Resurgent's accounts, and establish a specific protocol for the prompt delivery of any and all such payments to Resurgent or its designated agent; and,

f) provide Resurgent with the power of attorney or such other equivalent authority necessary to effectuate substitution of counsel, collect and negotiate any post-dated payment instruments received with regard to any of Resurgent's accounts and take any other action necessary for the administration and prosecution of any matter referred and/or handled by the Debtor on behalf of Resurgent.

*[The remainder of this page is intentionally left blank.]*

WHEREFORE Resurgent respectfully requests that this Court enter an Order reflecting the relief listed above, and granting such further relief as is appropriate.

Dated: December 23, 2009　　　　　　　　　Respectfully submitted,
Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　　REED SMITH LLP

　　　　　　　　　　　　　　　By:　　　/s/ Mark W. Eckard
　　　　　　　　　　　　　　　　　　　　Mark W. Eckard (No. 4542)
　　　　　　　　　　　　　　　　　　　　1201 Market Street, Suite 1500
　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　　　Telephone: (302) 778-7500
　　　　　　　　　　　　　　　　　　　　Facsimile: (302) 778-7575
　　　　　　　　　　　　　　　　　　　　E-mail: meckard@reedsmith.com

　　　　　　　　　　　　　　　　　　　　- and –

　　　　　　　　　　　　　　　　　　　　Andrea J. Pincus, Esquire
　　　　　　　　　　　　　　　　　　　　REED SMITH LLP
　　　　　　　　　　　　　　　　　　　　599 Lexington Avenue
　　　　　　　　　　　　　　　　　　　　New York, NY 10022
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 521-5400
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 521-5450
　　　　　　　　　　　　　　　　　　　　E-mail: apincus@reedsmith.com

　　　　　　　　　　　　　　　　　　　　Counsel for Resurgent Capital Services LP

US_ACTIVE-102888765.2